■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE BROWN, Appellant. [650 NYS2d 258] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (McGann, J.), rendered November 2, 1994, convicting him of attempted murder in the second degree, robbery in the first degree (two counts), robbery in the second degree, burglary in the second degree (two counts), and assault in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's claims of error with respect to numerous instances of alleged prosecutorial misconduct are, with one exception, unpreserved for appellate review, and we decline to reach the issues in the exercise of our interest of justice jurisdiction *(see,* CPL 470.15 [6]). All but one of these alleged instances of improper conduct either went without objection, were objected

to but, once sustained, went without any further request for instructions, or were the subject of a belated motion for a mistrial *(see,* CPL 470.05 [2]; *People v Medina,* 53 NY2d 951; *People v Scott,* 197 AD2d 646). The one instance of alleged misconduct to which there was an unsuccessful, timely objection was during the prosecutor's summation, when the prosecutor commented that a prosecution witness had been given a favorable deal by the District Attorney's office in exchange for "his truthful testimony from [the] witness stand". However, this was a fair response to the defense summation which attacked the credibility of this witness and an agreement with the District Attorney's office, which the defense characterized as motivation for the witness to lie *(see generally, People v Colon,* 122 AD2d 151; *People v Stephens,* 156 AD2d 604, 605).

The defendant's remaining contentions are either without merit or unpreserved for appellate review. Copertino, J. P., Santucci, Joy and Goldstein, JJ., concur.