THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD CUBINO, Appellant. [854 NYS2d 394]—

Judgment, Supreme Court, New York County (Ronald A. Zweibel, J.), rendered April 1, 2005, convicting defendant, after a jury trial, of burglary in the second degree (three counts), criminal possession of stolen property in the fifth degree and possession of burglar's tools, and sentencing him, as a persistent violent felony offender, to an aggregate term of 22 years to life, unanimously modified, on the law, to the extent of reducing the conviction under the third count of the indictment to criminal trespass in the second degree and reducing the sentence thereon to a term of one year, and, as a matter of discretion in the interest of justice, to the extent of reducing the sentences on the remaining burglary convictions to concurrent terms of 16 years to life, and otherwise affirmed.

With respect to the third count, the evidence was legally insufficient to establish the element of intent to commit a crime. Although the People need not specify what crime a defendant intended to commit, in order to elevate criminal trespass to a burglary, the proof must show a defendant intended to commit some other crime contemporaneous with the trespass (*People v Mahboubian*, 74 NY2d 174, 193 [1989]). The evidence relating to the third count clearly established that when defendant

entered the basement at issue his intent was to find a hiding place after having committed one of the other two burglaries at a nearby building. Defendant was apprehended as he sat hiding behind a door in that basement. There is no evidence that he intended to commit any other crime in the building at issue, and passively hiding from police is not a crime under these circumstances.

Since the court's reasonable doubt instruction cannot be viewed as expressly shifting the burden of proof, the narrow exception to the preservation requirement does not apply (*People v Thomas*, 50 NY2d 467, 471-472 [1980]), and we decline to review defendant's unpreserved challenge to that instruction in the interest of justice. As an alternative holding, we also reject it on the merits. The reasonable doubt charge, viewed as a whole adequately conveyed the appropriate principles (*see People v Cubino*, 88 NY2d 998 [1996]; *People v Antommarchi*, 80 NY2d 247, 251-252 [1992]).

During defendant's confession to one of the burglaries, he volunteered that "these types of burglaries are classified as violent." Defendant sought to redact this phrase on the ground that it constituted evidence that he had a criminal history; however, we find that argument to be without merit (*see e.g. People v Flores*, 210 AD2d 1 [1994], *lv denied* 84 NY2d 1031 [1995]). Defendant's remaining contentions regarding this evidence, including his constitutional claim, are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we also reject them on the merits.

Defendant's constitutional challenge to the procedure under which he was sentenced as a persistent violent felony offender is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we also reject it on the merits (*see People v Rosen*, 96 NY2d 329 [2001], *cert denied* 534 US 899 [2001]; *Almendarez-Torres v United States*, 523 US 224 [1998]). We find the sentence excessive to the extent indicated. Our modification results in a new aggregate term of 16 years to life. Concur—Saxe, J.P., Sweeny, McGuire and Acosta, JJ.