THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN R. BERNARDEZ, Appellant. [901 NYS2d 699]—

Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Neary, J.), rendered November 5, 2008, convicting him of murder in the second degree (three counts), kidnapping in the first degree, robbery in the first degree, and burglary in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.

Ordered that the judgment is affirmed.

The hearing court properly denied that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials. The hearing court properly found that the defendant did not make those statements during a custodial interrogation, and that they were not the product of an unlawful arrest (*see People v Yukl*, 25 NY2d 585, 588-592 [1969], *cert denied* 400 US 851 [1970]; *People v Ellerbe*, 265 AD2d 569, 570 [1999]; *People v Delfino*, 234 AD2d 382, 383 [1996]). Moreover, the hearing court properly found that the defendant made those statements after knowingly, voluntarily and intelligently waiving his *Miranda* rights (*see Miranda v Arizona*,

384 US 436 [1966]), and that those statements were not the product of coercion (*see People v Miles*, 276 AD2d 566, 566-567 [2000]).

There is no merit to the defendant's contention that the trial court improperly permitted an expert in forensic psychiatry who testified during the People's rebuttal case to refer to the defendant's criminal history. The probative value of the testimony, which tended to disprove the defendant's claim concerning his mental state, outweighed its potential for prejudice to the defendant (*see People v Santarelli*, 49 NY2d 241, 248-249 [1980]; *People v Ryklin*, 150 AD2d 509, 510-511 [1989]). Furthermore, the trial court gave appropriate limiting instructions to the jury as to the limited purpose for which the testimony was received (*see People v Ryklin*, 150 AD2d at 511).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contentions are unpreserved for appellate review (*see* CPL 470.05 [2]) and, in any event, are without merit. Covello, J.P., Dickerson, Eng and Austin, JJ., concur.