■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEPHEN HOYTE, Appellant. [912 NYS2d 905]—

Appeal by the defendant from a judgment of the County Court, Westchester County (Zambelli, J.), rendered October 20, 2009, convicting him of criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fourth degree, criminally using drug paraphernalia in the second degree (three counts), and criminal possession of a controlled substance in the seventh degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (DiBella, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence and his statements to law enforcement officials.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the testimony of the arresting officers at the suppression hearing was not "manifestly untrue, physically impossible, contrary to experience, or self-contradictory" (*People v Lynch*, 63 AD3d 959, 961, quoting *People v Garafolo*, 44 AD2d 86, 88 [1974]; *see People v Coles*, 62 AD3d 1022 [2009]; *People v Glenn*, 53 AD3d 622 [2008]). In addition, the defendant's statements to law enforcement officials prior to his arrest were the product of neither custodial inter-

rogation nor an unlawful arrest (*see People v Bernardez*, 73 AD3d 1196 [2010]), and those statements made after his arrest were spontaneous and not in response to police questioning (*see People v Stafford*, 39 AD3d 774 [2007]). Accordingly, that branch of the defendant's omnibus motion which was to suppress physical evidence and his statements to law enforcement officials was properly denied. Dillon, J.P., Angiolillo, Belen and Roman, JJ., concur.