■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS TIRO, Appellant. [952 NYS2d 893]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Guzman, J.), rendered November 4, 2010, convicting him of gang assault in the first degree, assault in the second degree (two counts), and attempted gang assault in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that he was deprived of a fair trial as a result of various comments made by the prosecutor and her use of slides as visual aids during summation is unpreserved for appellate review. The defendant either did not object to the comments and slides he now challenges, made only general objections, or "failed to request additional relief when the Supreme Court sustained objections or provided curative instructions" (*People v Bajana*, 82 AD3d 1111, 1112 [2011]; *see* CPL 470.05 [2]; *People v Heide*, 84 NY2d 943, 944 [1994]; *People v Ahmed*, 40 AD3d 869, 869 [2007]). In any event, the prosecutor's comments were either fair response to the remarks made by the defense counsel on summation (*see People v Halm*, 81 NY2d 819, 821 [1993]; *People v Gonzalez*, 11 AD3d 558 [2004]; *People v Malave*, 7 AD3d 542 [2004]), or not so egregious as to have deprived the defendant of a fair trial (*see People v Mullings*, 83 AD3d 871, 872 [2011]; *People v Lewis*, 72 AD3d 705, 707 [2010]; *People v Norman*, 40 AD3d 1130, 1131 [2007]). Moreover, under the circumstances of this case, the prosecutor's use of slides as visual aids during summation did not prejudice the defendant or deprive him of a fair trial (*see generally People v Baker*, 14 NY3d 266, 273-274 [2010]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80, 85-86 [1982]). Rivera, J.P., Angiolillo, Chambers and Roman, JJ., concur.