Appeal by the defendant from a judgment of Supreme Court, Queens County (Buchter, J.), rendered April 6, 2010, convicting him of attempted murder in the second degree, assault in the first degree, unlawful imprisonment in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant’s omnibus motion which was to suppress a videotaped statement made by him to law enforcement authorities.
Ordered that the judgment is reversed, on the law, that branch of the defendant’s omnibus motion which was to suppress a videotaped statement made by him to law enforcement authorities is granted, and a new trial is ordered.
The defendant moved to suppress a videotaped statement made by him to an assistant district attorney during the course of an interview conducted prior to the defendant’s arraignment, *987 pursuant to a program instituted by the Queens County District Attorney’s office. In accordance with that program, a script formulated by the Queens County District Attorney’s office was read to the defendant prior to administering Miranda warnings (see Miranda v Arizona, 384 US 436 [1966]), and obtaining a waiver of the defendant’s rights. Because this procedure was not effective to secure the defendant’s fundamental constitutional privilege against self-incrimination and right to counsel, the defendant’s videotaped statement should have been suppressed (see People v Dunbar, — AD3d —, 2013 NY Slip Op 00505 [2013] [decided herewith]).
Further, this error was not harmless beyond a reasonable doubt. Other than the improperly admitted inculpatory statements of the defendant, the People’s evidence that the defendant committed the acts of which he was accused was limited to the testimony of the complainant, the defendant’s ex-girlfriend. The defendant’s confession provided highly probative and damaging evidence against him, and served to corroborate the complainant’s testimony. Under these circumstances, the evidence of the defendant’s guilt, without reference to the error, was not overwhelming, and there was a reasonable possibility that the error might have contributed to the defendant’s conviction (see People v Schaeffer, 56 NY2d 448, 454 [1982]; People v Dunbar, — AD3d —, 2013 NY Slip Op 00505 [2013] [decided herewith]; People v Harris, 93 AD3d 58, 71 [2012], affd 20 NY3d 912 [2012]). Accordingly, we reverse the conviction, grant that branch of the defendant’s omnibus motion which was to suppress a videotaped statement made by him to law enforcement authorities, and order a new trial.
In light of our determination, we need not reach the defendant’s remaining contentions. Skelos, J.P., Balkin, Leventhal and Cohen, JJ., concur.