*874 Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kron, J.), rendered May 13, 2011, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence.
Ordered that the judgment is affirmed.
The defendant’s general motion to dismiss, made at the close of the People’s case, failed to preserve for appellate review his challenge to the legal sufficiency of the identification evidence against him (see CPL 470.05 [2]; People v Hawkins, 11 NY3d 484, 492 [2008]; People v Jean-Marie, 67 AD3d 704, 704-705 [2009]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant’s guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury’s opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410 [2004], cert denied 542 US 946 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]; People v Jean-Marie, 67 AD3d at 705). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
Contrary to the People’s contention, the defendant’s pretrial objection to the People’s Molineux motion (see People v Molineux, 168 NY 264 [1901] ) was sufficient to preserve for appellate review (see People v De Bour, 40 NY2d 210, 215 [1976]; People v Ayala, 142 AD2d 147, 166-167 [1988], affd 75 NY2d 422 [1990]) the issue of whether the trial court properly allowed the People to elicit testimony from the complainant that, on prior occasions when the complainant saw the defendant walking around the neighborhood, the defendant appeared to be intoxicated. However, the defendant’s contention that the admission into evidence of the challenged testimony deprived him of a fair trial is without merit. “Although evidence of prior crimes or bad acts is not admissible to show a defendant’s predisposition to criminal conduct (see People v Molineux, 168 NY 264, 291-293 [1901]), such evidence is admissible when it is relevant to prove an element of the crime charged, and the probative value of the evidence outweighs the potential prejudice to the defendant” (People v Norman, 40 AD3d 1128, 1129 [2007]; see People v Cass, 18 NY3d 553, 559 [2012]; People v Arafet, 13 NY3d 460, 464-465 [2009]; People v Alvino, 71 NY2d 233, 241-242 [1987]; People v Allweiss, 48 NY2d 40, 47 [1979]). “If the evidence of *875 prior crimes is probative of a legally relevant and material issue before the court, and for that reason not automatically barred under the general rule, admissibility turns on the discretionary balancing of the probative value and the need for the evidence against the potential for delay, surprise and prejudice” (People v Alvino, 71 NY2d at 242). “To determine whether Molineux evidence may be admitted in a particular case, the trial court must engage in the following two-part inquiry: first, the proponent of the evidence must identify some material issue, other than the defendant’s criminal propensity, to which the evidence is directly relevant; once the requisite showing is made, the trial court must weigh the evidence’s probative value against its potential for undue prejudice to the defendant. If the evidence has substantial probative value and is directly relevant to the purpose—other than to show criminal propensity—for which it is offered, the probative value of the evidence outweighs the danger of prejudice and the court may admit the evidence” (People v Cass, 18 NY3d at 560 [citations omitted]).
We find that the trial court providently exercised its discretion in concluding that the probative value of the challenged testimony, which tended to explain how the complainant’s prior observations of the defendant in the neighborhood enabled him to recognize the defendant during the subject robbery, outweighed its potential for undue prejudice to the defendant (see People v Cass, 18 NY3d at 561; People v Townsend, 100 AD3d 1029, 1030 [2012], lv denied 20 NY3d 1015 [2013]; People v Bernardez, 73 AD3d 1196, 1197 [2010]). We further find that any potential for prejudice from the testimony, which, as noted by the trial court, involved neither a prior crime nor a bad act, was limited by the court’s appropriate limiting instructions as to the narrow purpose for which that evidence could be considered {see People v Townsend, 100 AD3d at 1031; People v Cockett, 95 AD3d 1230, 1231 [2012]; People v Bernardez, 73 AD3d at 1197).
While we agree with the defendant that certain of the prosecutor’s remarks during summation improperly denigrated defense counsel {see People v Davis, 39 AD3d 873, 875 [2007]; People v Torres, 223 AD2d 741, 742 [1996]), we find that any prejudice that may have resulted from these remarks was alleviated when the trial court sustained the objections of the defendant and his codefendant and provided prompt curative instructions to the jury {see People v Rayford, 80 AD3d 780, 781 [2011]; People v Alexander, 50 AD3d 816, 817 [2008]; People v DeFigueroa, 182 AD2d 772, 773 [1992]), directing that the jury disregard these remarks, and explaining why the remarks were improper.
*876 The remaining challenges to the prosecutor’s remarks during summation are unpreserved for appellate review since defense counsel failed to object to these remarks or made only general objections, and these remarks were not the basis of his motion for a mistrial (see People v Read, 97 AD3d 702, 703 [2012]; People v Parker-Davidson, 89 AD3d 1114 [2011]). In any event, these remarks were within the broad bounds of rhetorical comment permissible in closing arguments, and constituted fair response to arguments made by defense counsel in summation, or fair comment on the evidence (see People v Galloway, 54 NY2d 396, 399 [1981]; People v Ashwal, 39 NY2d 105, 109-110 [1976]; People v Kennedy, 101 AD3d 1045 [2012]; People v Caba, 101 AD3d 896 [2012]).
Eng, EJ., Dickerson, Hall and Lott, JJ., concur.