Appeal by the defendant from a judgment of the Supreme Court, Kings County (Del Giudice, J.), rendered January 10, 2012, convicting him of robbery in the first degree (two counts) and unlawful imprisonment, upon a jury verdict, and imposing sentence upon his adjudication as a second violent felony offender.
Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by vacating the defendant’s *970 adjudication as a second violent felony offender and the sentence imposed thereon; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for resentencing in accordance herewith.
While we agree with the defendant that certain of the prosecutor’s remarks during summation regarding nonexistent DNA evidence were improper, we find that any prejudice that may have resulted from these remarks was alleviated when the trial court sustained the defendant’s objections and provided prompt curative instructions to the jury, directing that the jury disregard those remarks, and explaining why the remarks were improper (see People v Rogers, 106 AD3d 1029 [2013]; People v Sheehan, 105 AD3d 873, 875 [2013]; People v Vasquez, 277 AD2d 333 [2000]).
The remaining challenges to the prosecutor’s remarks during summation are unpreserved for appellate review since defense counsel failed to object to these remarks or made only general objections, and these remarks were not the basis of his motion for a mistrial (see People v Sheehan, 105 AD3d at 875). In any event, these remarks were within the broad bounds of rhetorical comment permissible in closing arguments, and constituted fair response to arguments made by defense counsel in summation, or fair comment on the evidence (see People v Halm, 81 NY2d 819, 821 [1993]; People v Galloway, 54 NY2d 396, 401 [1981]; People v Sheehan, 105 AD3d at 875; People v Maldonado, 55 AD3d 626, 628 [2008]; People v Shagi, 288 AD2d 495, 496 [2001]; People v Torres, 121 AD2d 663, 664 [1986]), or were not so egregious as to have deprived the defendant of a fair trial (see People v Tiro, 100 AD3d 663 [2012]).
As the People correctly concede, the defendant’s prior conviction of armed robbery under Maryland law does not constitute a predicate violent felony conviction (see Penal Law § 70.04 [1] [b] [i]; Somerville v Conway, 281 F Supp 2d 515, 520, 522 [2003]; People v Cochran, 10 AD3d 563 [2004]). Although the defendant did not preserve for appellate review his contention that he was improperly adjudicated a second violent felony offender based upon that conviction, we review his present claim as a matter of discretion in the interest of justice (see People v Cosme, 99 AD3d 940 [2012]). In so doing, we vacate the defendant’s adjudication as a second violent felony offender and the sentence imposed thereon, and remit the matter for resentencing (see id.; Penal Law § 70.06 [1] [b] [i]). Dillon, J.P., Balkin, Chambers and Cohen, JJ., concur.