Appeal by the defendant from a judgment of the Supreme Court, Queens County (Griffin, J.), rendered September 22, 2011, as amended December 14, 2011, convicting him of course of sexual conduct against a child in the first degree, course of sexual conduct against a child in the second degree, rape in the second degree, and endangering the welfare of a child (two counts), upon a jury verdict, and imposing sentence.
Ordered that the judgment is affirmed.
During the first round of jury selection, the prosecutor improperly asked the prospective jurors, in evaluating the credibility of one of the complaining witnesses, in essence, to commit themselves to rejecting the doctrine of “falsus in uno,” which generally provides that a juror may accept or reject a witness’s testimony in whole or in part (see generally People v Johnson, 225 AD2d 464 [1996]). However, the prosecutor’s comments and questions on this topic did not prejudice the defend *672 ant (see generally People v Steward, 17 NY3d 104, 113 [2011]; People v Jean, 75 NY2d 744, 745 [1989]; People v Dashosh, 59 AD3d 731, 731 [2009]). Since the trial court repeatedly advised all of the prospective jurors that it would instruct them on the law, the prosecutor’s comments and questions “could not have been interpreted by the [prospective jurors] as an instruction on the law” (People v Din, 62 AD3d 1023, 1024 [2009]; see People v Cephas, 91 AD3d 668, 669 [2012]). Furthermore, contrary to the defendant’s contention, certain remarks and questioning by the prosecutor concerning the same evidence during subsequent rounds of jury selection were not improper (see People v Evans, 242 AD2d 948, 949 [1997]; People v Porter, 226 AD2d 275, 276-277 [1996]; see also People v Rivera, 27 AD3d 491, 492 [2006]).
In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury’s opportunity to view the witnesses, hear testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410 [2004], cert denied 542 US 946 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
The defendant’s contention that various comments made by the prosecutor during her summation were improper and deprived him of a fair trial is unpreserved for appellate review, as the defendant either did not object to the remarks at issue, made only a general objection, or failed to request further curative relief or make a timely motion for a mistrial on the specific grounds now asserted on appeal when the trial court sustained his objections or provided curative instructions (see People v Barton, 110 AD3d 1089 [2013]; People v O’Keefe, 105 AD3d 1062, 1064 [2013]; People v Bajana, 82 AD3d 1111, 1112 [2011]; People v Philbert, 60 AD3d 698, 699 [2009]).
The defendant was not deprived of the effective assistance of counsel (see People v Benevento, 91 NY2d 708 [1998]; People v Baldi, 54 NY2d 137 [1981]). The defendant has failed to demonstrate “the absence of strategic or other legitimate explanations” for counsel’s alleged shortcoming (People v Rivera, 71 NY2d 705, 709 [1988]; see People v Caban, 5 NY3d 143, 152 [2005]; People v Baugh, 91 AD3d 965, 966 [2012]).
The defendant’s remaining contentions are unpreserved for appellate review.
Skelos, J.P., Dillon, Hall and Roman, JJ., concur.