Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kohm, J.), rendered July 11, 2011, convicting him of robbery in the first degree and robbery in the second degree, upon a jury verdict, and imposing sentence.
Ordered that the judgment is affirmed.
The defendant’s contention that the Supreme Court’s curtailment of his cross-examination of prosecution witnesses deprived him of his right to present a defense is unpreserved for appellate review, as the defendant failed to object to the court’s instructions limiting the cross-examinations (see People v Bernardez, 63 AD3d 1174 [2009], citing People v George, 67 NY2d 817 [1986]). In any event, the court’s instructions were proper and within its discretion, as the defendant’s questions were not relevant, were only marginally relevant, or threatened to mislead the jury (see People v Greene, 110 AD3d 827 [2013]; People v Castellanos, 65 AD3d 555, 556 [2009]; People v Goodman, 280 AD2d 611 [2001]; People v Heung K. Sul, 234 AD2d 563 [1996]; People v Ashner, 190 AD2d 238 [1993]).
*871 The defendant’s contention that the prosecutor committed prosecutorial misconduct in his summation, and therefore deprived him of a fair trial, is not preserved for appellate review, as the defendant either did not object to the comments, or did not object to the Supreme Court’s rulings or request additional curative instructions (see CPL 470.05 [2]; People v Wright, 62 AD3d 916 [2009]; People v Comer, 73 NY2d 955 [1989]; People v Tarabanla, 72 NY2d 852 [1988]). In any event, the defendant’s contention is without merit. A prosecutor has “broad latitude during summation, particularly when responding to the defense counsel’s summation” (People v Cariola, 276 AD2d 800, 800 [2000], citing People v Galloway, 54 NY2d 396 [1981]; see People v Rhodes, 11 AD3d 487 [2004]). In this case, all but one of the prosecutor’s statements were either fair comment on the evidence presented, fair response to the defendant’s summation, or permissible rhetorical comment (see People v Arce, 42 NY2d 179 [1977]; People v Marcus, 112 AD3d 652 [2013]; People v Williams, 52 AD3d 851 [2008]; People v Garner, 27 AD3d 764 [2006]; People v Brown, 233 AD2d 458 [1996]). Any error in allowing the one improper statement was not so egregious as to have deprived the defendant of a fair trial (see People v Tiro, 100 AD3d 663 [2012]).
Dillon, J.P, Hall, Austin and Sgroi, JJ., concur.