■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NORMAN S. HOWARD, Appellant. [992 NYS2d 144]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Modica, J.), rendered November 20, 2012, convicting him of burglary in the second degree and criminal trespass in the third degree, upon a jury verdict, and sentencing him, as a persistent violent felony offender, to an in-

determinate term of imprisonment of 20 years to life upon his conviction of burglary in the second degree and a definite term of imprisonment of 90 days upon his conviction of criminal trespass in the third degree, to run concurrently with each other.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the indeterminate term of imprisonment of 20 years to life imposed upon the defendant's conviction of burglary in the second degree to an indeterminate term of imprisonment of 16 years to life; as so modified, the judgment is affirmed.

The defendant's contention that certain remarks made by the prosecutor during summation were improper is unpreserved for appellate review since he either failed to object to the remarks or made only a general objection (see People v Ambers, 115 AD3d 671 [2014]; People v Stevens, 114 AD3d 969 [2014]). In any event, the defendant's contention is without merit. The prosecutor's remarks were either fair comment on the evidence or responsive to defense counsel's summation (see People v Caldwell, 115 AD3d 870 [2014]; People v Polin, 63 AD3d 1180 [2009]). Contrary to the defendant's alternative contention, he was not deprived of the effective assistance of counsel by his attorney's failure to raise specific objections to certain remarks made by the prosecutor during summation. There can be no deprivation of effective assistance of counsel arising from the failure to make a motion or argument that had little or no chance of success (see People v Ennis, 11 NY3d 403, 415 [2008]; People v Stultz, 2 NY3d 277, 287 [2004]; People v Kent, 79 AD3d 52, 72 [2010], mod on other grounds 19 NY3d 290 [2012]).

The defendant also contends that reversal is warranted because a prosecution witness testified that, in addition to others, she spoke to "the parole officer" at the scene of the crimes. This contention is without merit. The trial court sua sponte ruled that the statement was inadmissible, and directed that the statement be stricken from the record. The jury is presumed to have followed the court's instruction to disregard anything stricken from the record (see People v Baker, 14 NY3d 266, 274 [2010]).

The defendant was convicted of burglary in the second degree and criminal trespass in the third degree with respect to two neighboring properties. The sentence imposed—i.e., an indeterminate term of imprisonment of 20 years to life on the burglary count and a concurrent definite term of imprisonment of 90 days on the criminal trespass count—was excessive (see People v Suitte, 90 AD2d 80 [1982]). While the sentencing of a criminal defendant is a matter entrusted to the discretion of the sentenc-

ing court, this Court may exercise its interest of justice jurisdiction to substitute its own judgment for that of the sentencing court even where the sentencing court has not abused its discretion (*see id.* at 85-86; CPL 470.15 [3] [c]).

The interest of justice warrants a reduction in the sentence imposed upon the defendant's conviction of burglary in the second degree from an indeterminate term of imprisonment of 20 years to life to an indeterminate term of imprisonment of 16 years to life (*see People v Cubino,* 50 AD3d 312 [2008]). Based on the defendant's criminal history, he was adjudicated a persistent violent felony offender and, as a result, faced a sentencing range of between 16 and 25 years to life imprisonment upon his conviction of burglary in the second degree (*see* Penal Law §§ 70.02 [1] [b]; 70.08 [2], [3] [b]). The evidence at trial showed that, although the defendant entered his neighbor's home unlawfully with the intent to commit a crime therein, no items were taken from the home, and no one was threatened or physically harmed.

Considering the nature of the crime, the minimal harm to the victims, the particular circumstances of this defendant—who has a history of mental health issues—and the purpose of a penal sanction, an indeterminate sentence of 16 years to life imprisonment upon the defendant's conviction of burglary in the second degree is just and appropriate (*see People v Suitte,* 90 AD2d at 83). Specifically, the defendant has been diagnosed with bipolar disorder, a mental illness that runs in his family, and has also been diagnosed with major depression and has struggled with drug addiction. Following the defendant's release from prison in 2009, he made positive strides in his life by participating in outpatient mental health counseling and taking medication, and enrolling in college full-time. He performed well academically, was working toward a bachelor's degree, and had plans to pursue a master's degree, and a career in youth counseling. However, the defendant experienced a setback in July 2011, one month before the instant offenses were committed, when his 28-year-old son was shot and killed, causing his depression to worsen. The instant offenses were committed during this period of his life. Nonetheless, the defendant had been living in the community for two years without incident before committing the instant offenses. While we agree with our dissenting colleague that the defendant's criminal history is extensive, such criminal history is adequately taken into consideration by the Penal Law provisions providing increased sentences for persistent violent felony offenders (*see* Penal Law § 70.08 [2], [3]). Based on the circumstances of the defendant's

commission of burglary in the second degree and his efforts at rehabilitation, a sentence of imprisonment longer than the statutory minimum of 16 years to life is unduly harsh and excessive, and we modify the sentence accordingly (*see* CPL 470.15 [6] [b]). Hall, J.P., Duffy and LaSalle, JJ., concur.

Roman, J., concurs in part, and dissents in part, and votes to affirm the judgment, with the following memorandum: I agree with the majority's determination that the defendant's convictions should not be disturbed. However, I disagree with the majority's conclusion that the indeterminate sentence of imprisonment of 20 years to life imposed upon the defendant's conviction of burglary in the second degree was excessive and would, therefore, affirm the judgment of conviction.

Generally, the determination as to what constitutes an appropriate sentence is a matter entrusted to the sound discretion of the sentencing court, "after due consideration given to, among other things, the crime charged, the particular circumstances of the individual before the court and the purpose of a penal sanction, i.e., societal protection, rehabilitation and deterrence" (*People v Farrar*, 52 NY2d 302, 305 [1981]; *see People v Appelgate*, 176 AD2d 888, 890 [1991]; *People v Suitte*, 90 AD2d 80, 83 [1982]; *People v Junco*, 43 AD2d 266, 268 [1974], *affd* 35 NY2d 419 [1974]). The sentencing court "is in the most advantageous position to determine the proper sentence, having observed the defendant and being intimately familiar with the facts and circumstances underlying the conviction" (*People v Junco*, 43 AD2d at 268; *see People v Suitte*, 90 AD2d at 85).

Here, the defendant was convicted of burglary in the second degree and criminal trespass in the third degree after he broke into his neighbor's home, and, upon being seen by her relatives, who were house guests visiting from Texas, fled from the premises and into another neighbor's backyard. As a persistent violent felony offender, the defendant faced a sentencing range of between 16 and 25 years to life imprisonment on his conviction of burglary in the second degree, a class C violent felony offense (*see* Penal Law §§ 70.02 [1] [b]; 70.08 [2], [3] [b]). At sentencing, the People requested that the Supreme Court impose the maximum sentence, which was an indeterminate term of imprisonment of 25 years to life. The court, noting, among other things, the "unsettling" nature of the defendant's act of burglarizing the home of his next-door neighbor "in broad daylight with People actually in the house," as well as the defendant's significant criminal history, sentenced the defendant, as a persistent violent felony offender, to concurrent terms of imprisonment of 20 years to life on his conviction of burglary in

the second degree and 90 days on his conviction of trespass in the third degree.

The defendant's instant convictions represent his latest in a criminal history that spans almost three decades, and includes six arrests and multiple felony convictions. According to the presentence investigation report, in February 1984, the defendant was sentenced to concurrent indeterminate terms of imprisonment of 1 to 3 years in connection with two separate convictions of attempted robbery in the second degree. The defendant was released to parole in August 1985. However, his parole was revoked one year later, due to a violation. In June 1986, the defendant was convicted of robbery in the second degree, and sentenced to an indeterminate term of imprisonment of 4 to 8 years. He was paroled again in November 1989, and discharged in March 1993. In April 1998, the defendant was convicted of attempted burglary in the second degree and attempted criminal possession of a weapon in the third degree, and sentenced to concurrent indeterminate terms of imprisonment of 12 years to life and 2 years to life, respectively. The defendant was placed on lifetime parole in November 2009.

The record thus reflects that, between 1984 and the commission of the instant offenses in August 2011, the defendant spent more than 15 years in prison in connection with the aforementioned convictions. The escalating sentences that the defendant received during that time clearly did not deter him from engaging in further criminal activity. Notably, the defendant committed the instant offenses while on lifetime parole.

Moreover, the record reveals that the defendant did not express any remorse for his actions. To the contrary, he denied guilt of the burglary charge by impugning the character of one of the members of the household of the home that he entered. In this regard, he told the New York City Department of Probation that he "was having an affair" when "the woman's husband came home," so he left the house and went into another neighbor's yard, which was why he was also charged with criminal trespass. The defendant's account of the events was contrary to the overwhelming evidence at trial, which established that, at the time of the incident on August 4, 2011, the female homeowner had left for work, and the defendant entered the house without permission and fled upon being seen by her house guests, who had arrived from Texas the evening before the burglary.

Under the circumstances of this case, it cannot be said that the sentencing court improvidently exercised or abused its discretion in sentencing the defendant to an indeterminate term

of imprisonment of 20 years to life upon his conviction of burglary in the second degree, which was five years less than the maximum permissible sentence for a persistent violent felony offender convicted of a class C violent felony offense, and four years greater than the minimum (*see* Penal Law §§ 70.02 [1] [b]; 70.08 [3] [b]). Moreover, the defendant failed to establish the existence of any "extraordinary circumstances that would warrant disturbing the sentence imposed" in the interest of justice (*People v Bussey*, 67 AD3d 819, 820 [2009]; *see People v McCants*, 73 AD3d 1086 [2010]).

Accordingly, I find that the sentence imposed on the defendant's conviction of burglary in the second degree was not excessive, and would affirm the judgment of conviction.