■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HENRY SINGLETARY, Appellant. [17 NYS3d 889]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Guzman, J.), rendered December 3, 2012, convicting him of burglary in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the prosecutor's summation remarks deprived him of a fair trial is not preserved for appellate review, as the defendant either did not object to the comments, or did not object to the Supreme Court's rulings or request additional curative instructions (see CPL 470.05 [2]; *People v Comer*, 73 NY2d 955 [1989]; *People v Tardbania*, 72 NY2d 852 [1988]; *People v Wright*, 62 AD3d 916 [2009]). In any event, most of the prosecutor's remarks were within the broad bounds of rhetorical comment permissible in closing arguments, and constituted fair response to arguments made by defense counsel in summation or fair comment on the evidence (see *People v Halm*, 81 NY2d 819, 821 [1993]; *People v Galloway*, 54 NY2d 396, 401 [1981]; *People v Sheehan*, 105 AD3d 873, 875 [2013]; *People v Maldonado*, 55 AD3d 626, 628 [2008]; *People v Shagi*, 288 AD2d 495, 496 [2001]; *People v Torres*, 121 AD2d 663, 664 [1986]). To the extent that some of the prosecutor's comments were improper, any error was not so egregious as to have deprived the defendant of a fair trial (see *People v Portes*, 125 AD3d 794 [2015]; *People v Caldwell*, 115 AD3d 870 [2014]; *People v Stevens*, 114 AD3d 969, 970 [2014]; *People v Tiro*, 100 AD3d 663 [2012]).

The sentence imposed was not excessive (see *People v Suitte*, 90 AD2d 80, 85-86 [1982]). Dillon, J.P., Miller, Duffy and LaSalle, JJ., concur.