People v Brown (2021 NY Slip Op 01339)





People v Brown


2021 NY Slip Op 01339


Decided on March 04, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 04, 2021

Before: Kern, J.P., Oing, Singh, Moulton, JJ. 


Ind No. 933/14 933/14 Appeal No. 13248 Case No. 2019-3447 

[*1]The People of the State of New York, Respondent,
v
Tasheem Brown, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Benjamin Wiener of counsel), and Milbank LLP, New York (Jenna R. Weinblatt of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Philip V. Tisne of counsel), for respondent.



Judgment, Supreme Court, New York County (Laura A. Ward, J.), rendered September 1, 2015, convicting defendant, after a jury trial, of burglary in the second degree, and sentencing him, as a second violent felony offender, to a term of seven years, unanimously affirmed.
The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). The element of intent to commit a crime was satisfied by evidence that defendant unlawfully entered an apartment with intent to commit the crime of resisting arrest.
Responding to a 911 call indicating a dispute between a man and a woman, numerous police officers arrived at defendant's apartment to investigate the report, repeatedly banged on the apartment door, and identified themselves as police. The record demonstrates, and defendant does not dispute, that he had previously assured a detective that he would surrender himself in connection with an unrelated alleged crime, regarding which the detective had issued an I-card, indicating the existence of probable cause regarding that offense, and that when defendant heard the police banging on his door, he believed that they had come to arrest him in connection with the unrelated crime. Seeking to avoid arrest, defendant lowered himself from his own balcony to his neighbor's and unlawfully entered the neighbor's apartment below. He was arrested minutes later. In his grand jury testimony, which was received at trial, defendant expressly admitted that he entered the apartment for the purpose of preventing his arrest on the unrelated matter.
On these facts, when defendant entered his neighbor's apartment, he intended to commit the crime of resisting arrest, because, at that moment, he intended to "prevent[] . . . a police officer . . . from effecting an authorized arrest of himself . . ." (Penal Law § 205.30), that is, what defendant believed to be an actual, authorized arrest in progress (see People v Porter, 41 AD3d 1185 [4th Dept 2007], lv denied 9 NY3d 963 [2007]; see also People v Stevenson, 31 NY2d 108, 112-13 [1972]). Nothing in our decision in People v Cubino (50 AD3d 312 [1st Dept 2008], lv denied 11 NY3d 787 [2008]), relied on by defendant, undermines this conclusion.
Furthermore, defendant is not entitled to relief based on his mistaken belief that the police had come to arrest him in connection with the unrelated, previous alleged crime, or because the officers at his door, who were investigating the 911 report, did not actually have probable cause, or even the intent, to arrest him. While defendant could not properly have been convicted of resisting arrest on these facts, because the authorized arrest element necessary for conviction of that crime was not established, the proof supported his burglary conviction. Defendant's "mistaken belief" about the circumstances did not "negative[] the culpable mental state required for the commission of [burglary]" (Penal Law 15[*2].20[1][a]; see People v Dlugash, 41 NY2d 725 [1977]). The court properly declined to submit criminal trespass as a lesser included offense, because there was no reasonable view of the evidence, viewed most favorably to defendant, that he entered the apartment without intent to commit a crime. As indicated, defendant's intent was established by, among other things, his own grand jury testimony, and was essentially undisputed. Whether that intent satisfied the criminal intent requirement of burglary was a legal question, as discussed above, and there was no factual issue in this regard to be submitted to the jury.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 4, 2021