People v Bazelais (2022 NY Slip Op 03002)

People v Bazelais

2022 NY Slip Op 03002

Decided on May 4, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 4, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.

2018-09869
 (Ind. No. 8926/17)

[*1]The People of the State of New York, respondent,
v
Wilner Bazelais, appellant.

Patricia Pazner, New York, NY (Rebecca J. Gannon of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Amy Appelbaum, and Daniel Rosenblum of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (John T. Hecht, J.), rendered July 17, 2018, convicting him of criminal contempt in the first degree (five counts), upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
On November 3, 2017, the defendant violated four orders of protection issued in favor of the victim and her son. At trial, the defendant admitted that he had previously been convicted of criminal contempt in the second degree (Penal Law § 215.50[3]) on October 3, 2017. The jury convicted the defendant of five counts of criminal contempt in the first degree in violation of Penal Law § 215.51(c).
Viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's challenge to the duration of the orders of protection issued at the time of sentencing is unpreserved for appellate review, since he did not raise this issue at sentencing or move to amend the orders of protection on this ground (see People v Alvarado, 200 AD3d 794; People v Carmichael, 170 AD3d 742, 743). Under the circumstances, we decline to reach this contention in the exercise of our interest of justice jurisdiction. "[T]he better practice—and best use of judicial resources—is for a defendant seeking adjustment of an order [of protection] to request relief from the issuing court in the first instance, resorting to the appellate courts only if necessary" (People v Nieves, 2 NY3d 310, 317; see People v Alvarado, 200 AD3d at 794; People v Daniel A., 183 AD3d 909, 910).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
BRATHWAITE NELSON, J.P., RIVERA, FORD and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court