People v Hernandez (2022 NY Slip Op 04738)

People v Hernandez

2022 NY Slip Op 04738

Decided on July 27, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 27, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ANGELA G. IANNACCI
ROBERT J. MILLER
JOSEPH A. ZAYAS, JJ.

2018-06020
 (Ind. No. 1633/17)

[*1]The People of the State of New York, respondent,
v
Willy Hernandez, appellant.

Mark Diamond, New York, NY, for appellant.
Raymond A. Tierney, District Attorney, Riverhead, NY (Alfred Croce and Marion Tang of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Mark Cohen, J.), rendered March 16, 2018, convicting him of assault in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that the evidence was legally insufficient to support the conviction is unpreserved for appellate review (see CPL 470.05[2]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to disprove the defendant's justification defense and to otherwise establish the defendant's guilt of assault in the second degree beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
Contrary to the defendant's contention, the Supreme Court properly admitted into evidence testimony that he gave false pedigree information to the police upon his arrest for the subject offense, as such testimony is evidence of his consciousness of guilt, and the court gave a limiting instruction regarding the probative value of the evidence (see People v Abdul-Aleem, 133 AD3d 867, 868; People v Miller, 123 AD2d 721). The defendant's assertion that the evidence did not demonstrate consciousness of guilt because his conduct had an innocent explanation did not preclude its admission, but, rather, presented a factual issue to be resolved by the jury, as the jury was specifically instructed to do.
The defendant's challenge to the duration of the orders of protection issued at the time of sentencing is unpreserved for appellate review, since he did not raise this issue at sentencing or move to amend the orders of protection on this ground (see People v Bazelais, 205 AD3d 728; People v Alvarado, 200 AD3d 794). Under the circumstances, we decline to reach this contention [*2]in the exercise of our interest of justice jurisdiction. "[T]he better practice—and best use of judicial resources—is for a defendant seeking adjustment of an order [of protection] to request relief from the issuing court in the first instance, resorting to the appellate courts only if necessary" (People v Nieves, 2 NY3d 310, 317; see People v Bazelais, 205 AD3d 728).
The defendant's remaining contentions are without merit.
DUFFY, J.P., IANNACCI, MILLER and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court