People v Lloyd-Douglas (2022 NY Slip Op 04821)

People v Lloyd-Douglas

2022 NY Slip Op 04821

Decided on August 3, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 3, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
LARA J. GENOVESI
WILLIAM G. FORD, JJ.

2018-03511
 (Ind. No. 2490/08)

[*1]The People of the State of New York, respondent,
v
Collin F. Lloyd-Douglas, appellant.

Patricia Pazner, New York, NY (Sam Felman of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Ellen C. Abbot, and Jordan I. LoCascio of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Peter F. Vallone, Jr., J.), rendered February 22, 2018, as amended February 23, 2018, convicting him of assault in the first degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was charged with various crimes based on his allegedly beating the complainant, his former girlfriend, on the head with a hammer. After the defendant's first trial, the jury convicted him of attempted murder in the second degree, assault in the first degree, unlawful imprisonment in the first degree, and criminal possession of a weapon in the third degree, but acquitted him of robbery in the first degree. On appeal, and for reasons not relevant to this appeal, this Court reversed and ordered a new trial, and the Court of Appeals affirmed this Court's order (see People v Lloyd-Douglas, 102 AD3d 986, affd sub nom. People v Dunbar, 24 NY3d 304).
At the second trial, the prosecution introduced evidence that the defendant repeatedly hit the complainant over the head with a hammer and left her on the floor for several hours without calling for aid as she drifted in and out of consciousness. The Supreme Court further permitted the prosecution to elicit evidence that, although the complainant repeatedly asked for her cell phone so that she could call for help, the defendant departed the apartment with her cell phone.
On appeal, the defendant contends that the Supreme Court violated principles of collateral estoppel in permitting evidence of the defendant's taking of the complainant's cell phone considering his acquittal of robbery in the first degree at the first trial. The contention is without merit. Collateral estoppel principles did not preclude the introduction at the second trial of evidence that the defendant took the complainant's cell phone (see Ashe v Swenson, 397 US 436; People v Acevedo, 69 NY2d 478, 484-485). A "defendant claiming the benefit of estoppel carries the burden of identifying the particular issue on which he seeks to foreclose evidence and then establishing that the fact finder in the first trial, by its verdict, necessarily resolved that issue in his favor" (People v Goodman, 69 NY2d 32, 40). The defendant's acquittal of robbery in the first degree by the first jury [*2]did not mean that jury necessarily decided that the defendant did not take the complainant's phone. The evidence presented to the first jury might have permitted an inference that the complainant's property was not taken by force or that the complainant was not injured "in the course of commission of the crime or immediate flight therefrom" (Penal Law § 160.15[1]). Thus, an acquittal of robbery in the first degree was not the equivalent of finding that the phone was not taken. Accordingly, insofar as the evidence concerning the defendant's taking of the phone was relevant, inter alia, to the unlawful imprisonment in the first degree charge, the evidence was properly admitted at the second trial (see People v Acevedo, 69 NY2d at 484-485; People v Sanders, 202 AD3d 573; People v Rossi, 222 AD2d 717).
The defendant's related contention that the admission of evidence that he took the complainant's phone violated principles of double jeopardy is similarly without merit. A "single act may be an offense against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other" (Blockburger v U.S., 284 US 299, 304 [internal quotation marks omitted]). Here, the defendant's acquittal of robbery in the first degree did not preclude prosecution for unlawful imprisonment in the first degree because each offense "requires proof of an additional fact which the other does not" (id. at 304; see People v Artis, 74 AD2d 644).
The defendant further argues that the duration of the order of protection issued in favor of the complainant at the time of the defendant's sentencing exceeded the maximum limits of CPL 530.12(5). However, the defendant failed to preserve this argument for appellate review because he did not raise the issue at sentencing or move to amend the final order of protection on this ground (see id. § 470.05[2]; People v Nieves, 2 NY3d 310; People v Rodriguez, 157 AD3d 971; People v Dale, 43 AD3d 1075), and we decline to review it in the exercise of our interest of justice jurisdiction (see People v Bazelais, 205 AD3d 728; People v Devore, 202 AD3d 707, 708). "[T]he better practice—and best use of judicial resources—is for a defendant seeking adjustment of . . . an order [of protection] to request relief from the issuing court in the first instance, resorting to the appellate courts only if necessary" (People v Nieves, 2 NY3d at 317; see People v Alvarado, 200 AD3d 794; People v Daniel A., 183 AD3d 909; People v Carmichael, 170 AD3d 742).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contention is unpreserved for appellate review and, in any event, without merit.
IANNACCI, J.P., MILLER, GENOVESI and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court