People v Irving (2024 NY Slip Op 01820)

People v Irving

2024 NY Slip Op 01820

Decided on April 3, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
DEBORAH A. DOWLING
BARRY E. WARHIT, JJ.

2017-09094
 (Ind. No. 1137/11)

[*1]The People of the State of New York, respondent,
v
Errol Irving, appellant.

Patricia Pazner, New York, NY (Joshua M. Levine of counsel), for appellant, and appellant pro se.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Julian Joiris of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Bruce M. Balter, J.), rendered July 12, 2017, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that the evidence was legally insufficient to disprove his justification defense is unpreserved for appellate review (see CPL 470.05[2]; People v Finger, 95 NY2d 894, 895) and, in any event, without merit. Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to disprove the defendant's justification defense beyond a reasonable doubt (Penal Law § 35.15; see People v Hernandez, 207 AD3d 749, 749; People v O'Brien, 270 AD2d 433, 433-434). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410). Upon reviewing the record here, we are satisfied that the jury's rejection of the defendant's justification defense and the verdict of guilt were not against the weight of the evidence (see People v Romero, 7 NY3d 633).
As the defendant either did not object to the summation remarks at issue, made only a general objection, or failed to request further curative relief or make a timely motion for a mistrial on the specific grounds now asserted on appeal, his contention, raised in his pro se supplemental brief, that the prosecutor's summation remarks deprived him of a fair trial is unpreserved for appellate review (see CPL 470.05[2]; People v Ambers, 115 AD3d 671, 672). In any event, the prosecutor's summation remarks were either fair comment on the evidence or responsive to defense counsel's summation (see People v Halm, 81 NY2d 819, 821; People v Ashwal, 39 NY2d 105, 109-110; People v Smith, 187 AD3d 1652, 1655; People v Howard, 120 AD3d 1259, 1260). Moreover, the prosecutor's remarks regarding the defendant's credibility were proper, since the issue of credibility was central to the trial (see People v Morrow, 143 AD3d 919, 921).
The defendant's contention, raised in his pro se supplemental brief, that the Supreme Court deprived him of a fair trial by failing to provide the jury with a proper charge on the defense of justification is unpreserved for appellate review, since the defendant failed to request the inclusion of particular, additional language and did not object to the charge as given (see CPL 470.05[2]; People v Stewart, 71 AD3d 797, 798; People v Soto, 31 AD3d 793, 793). In any event, the contention is without merit, since the court fairly and accurately described the applicable law (see People v Edwards, 160 AD3d 658, 658-659).
The defendant's contention, raised in his pro se supplemental brief, that he was deprived of the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record, and, thus, constitutes a "mixed claim of ineffective assistance" (People v Maxwell, 89 AD3d 1108, 1109; see People v Evans, 16 NY3d 571, 575 n 2). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety, and we decline to review the claim on this direct appeal (see People v Freeman, 93 AD3d 805, 806; People v Maxwell, 89 AD3d at 1109).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80), and there is no evidence that the Supreme Court retaliated against the defendant for exercising his right to trial (see People v Hernandez, 88 AD3d 907).
The remaining contentions raised in the defendant's pro se supplemental brief are without merit.
BARROS, J.P., CHAMBERS, DOWLING and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court