■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VORN JOHNSON, Appellant. [691 NYS2d 19] —Judgment, Supreme Court, Bronx County (Peter Benitez, J.), rendered October 9, 1996, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal sale of a controlled substance near school grounds, and sentencing him, as a second felony offender, to concurrent terms of 5½ to 11 years, unanimously affirmed.

The court properly denied a defense challenge for cause to a prospective juror whose daughter was a complaining witness in a matter that would be prosecuted by the Bronx District Attorney's Office. That matter was not scheduled to be in court

until the following week and there had not been any contact between either the prospective juror or her daughter and the District Attorney's Office. Defendant failed to show that the prospective juror had any relationship with the District Attorney's Office that would preclude her from rendering an impartial verdict, particularly in light of her declaration that she would be able to be impartial and would not let her daughter's pending case in any way affect her decision as a juror (CPL 270.20 [1] [c]; *People v Colon*, 71 NY2d 410, 418, *cert denied* 487 US 1239; *People v Provenzano*, 50 NY2d 420).

The court properly exercised its discretion in denying defendant's motion for a mistrial, made on the ground that the undercover officer appeared to greet defendant as he took and left the witness stand, thereby implying some type of familiarity. The record sufficiently establishes that the undercover officer was actually greeting his friend, a court officer seated behind defendant. In any event, these events could not have caused any prejudice to defendant given the remoteness of the possibility that any jurors even noticed the gesture, much less that they interpreted it as defendant is now suggesting or permitted it to influence their verdict (*see, People v Ortiz*, 54 NY2d 288). To the extent that defendant is raising a constitutional claim, such claim is unpreserved and we decline to review it in the interest of justice.

We perceive no abuse of sentencing discretion. Concur—Tom, J. P., Wallach, Lerner and Rubin, JJ.