■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LESLIE FENNER, Appellant. [727 NYS2d 117] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (George, J.), rendered November 7, 1994, convicting him of manslaughter in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered, with leave to the People to re-present any appropriate charges to another Grand Jury.

The defendant's conviction arose from an incident in which a witness heard a shot, and then observed the defendant ride away from the victim on a bicycle, holding a gun in his hand. After watching the defendant ride away, the witness rushed over to the victim. The witness told the victim "I can't believe Les shot you," and asked "Do you believe that was him?" The victim replied that he could not believe Les shot him.

The decedent's girlfriend arrived at the scene and asked "[W]ho did this?" The victim replied that he would tell her "later."

Emergency medical technicians subsequently arrived to transport the victim to the hospital. The victim told his brother, who was in the ambulance with him, to "calm down" and then whispered in his ear that the defendant shot him. Thereafter, at the hospital, the victim told his girlfriend that the defendant shot him.

At a pretrial hearing, over the defendant's objections that the statements were inadmissible hearsay, the court determined that the victim's statements to the three witnesses were admissible as excited utterances. We disagree.

In order to admit the victim's statements as excited utterances, the People were required to establish that the state-

ments were made under the influence of the startling event (*see, People v Norton,* 79 NY2d 808). In contrast, the evidence in the record clearly indicates that the victim's first statement was made in response to suggestive comments and questioning by the eyewitness. The victim's statement reiterating what the eyewitness told him lacked the inherent reliability of an excited utterance (*see, People v Edwards,* 47 NY2d 493, 496-497; *United States v Phelps,* 168 F3d 1048; *State v Larson,* 472 NW2d 120 [Minn 1991], *cert denied* 502 US 1071).

The victim's subsequent statements to his brother and girlfriend were made after the victim was no longer under the influence of excitement, and was capable of urging his brother to remain calm. The fact that he whispered the allegation that the defendant was the shooter in his brother's ear, and told his girlfriend he would tell her who did it "later", indicates he was capable of concealment from personnel in the ambulance. This constituted further evidence that he was capable of studied reflection.

We note that the only other evidence against the defendant was the testimony of the eyewitness, who did not actually see the shooting. Accordingly, the admission of the victim's out-of-court statements cannot be deemed harmless. S. Miller, J. P., Goldstein and Florio, JJ., concur.

Smith, J., dissents and votes to affirm with the following memorandum, with which H. Miller, J., concurs. The issue as framed by the defendant in this appeal is limited in scope. During argument at the pretrial hearing, and subsequently at trial, the defendant contended that the statements made by the victim were inadmissible, *inter alia,* because of the amount of time between the shooting and when the statements were made, because they were made in response to questions, and because they were not excited utterances, but rather a violation of the Dead Man's Statute. The defendant contends that these statements were inadmissible because they contradict the description of the events and the description of the perpetrator proffered by the victim to the police while still at the scene. The defendant argues that these contradictory descriptions evince the victim's ability to reflect on the situation. This theory, however, was never advanced at the pretrial hearing or the trial. Therefore, the defendant failed to preserve this claim for appellate review (*see,* CPL 470.05 [2]).

In any event, the first statement which the victim made to the witness does qualify as an excited utterance and was properly admitted at trial. The witness testified that he heard gunfire, turned, and saw the defendant riding a bicycle away

from the scene holding a gun in his hand. Within three to five seconds after the shooting, he was at the victim's side. The witness testified that the victim immediately spoke of his injury and pain. The next remark by the victim was that he could not believe that the defendant had shot him.

The circumstances under which the victim made this statement reasonably justified the Supreme Court's conclusion that the remark was not made under the impetus of studied reflection (*see, People v Edwards,* 47 NY2d 493, 497; *People v Harris,* 276 AD2d 562). The defendant was allowed, through cross-examination at trial, to examine the circumstances surrounding this statement and the jury could have rationally accepted a version which resulted in a verdict of guilty. In light of the compelling evidence of guilt as described, coupled with the victim's identification of the defendant as the perpetrator immediately after the shooting, any error in allowing subsequent remarks by the victim in evidence was harmless (*see, People v Crimmins,* 36 NY2d 230). Accordingly, I vote to affirm the conviction.