■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID MOORE, Appellant. [854 NYS2d 782]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Aloise, J.), rendered September 29, 2005, convicting him of attempted burglary in the second degree, criminal possession of a weapon in the fourth degree, resisting

arrest, and possession of burglar's tools, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The Supreme Court properly admitted evidence that the defendant was convicted of a burglary prior to the attempted burglary charged in the instant case and that he employed a similar modus operandi in each case (*see People v Molineux*, 168 NY 264 [1901]). Such evidence was properly admitted to refute the defendant's contention, raised in defense counsel's opening statement and through defense counsel's cross-examination of the People's witnesses, that his presence at the scene of the alleged attempted burglary was entirely innocent (*see People v Wright*, 5 AD3d 873, 875-876 [2004]; *People v Veale*, 169 AD2d 939, 939-940 [1991], *affd* 78 NY2d 1022 [1991]; *cf. People v Rojas*, 97 NY2d 32, 39 n 5 [2001]; *People v Biondo*, 41 NY2d 483, 486 [1977], *cert denied* 434 US 928 [1977]).

The defendant failed to preserve for appellate review his contention that the quantity of the *Molineux* evidence presented to the jury was unduly prejudicial (*see* CPL 470.05 [2]; *People v Forino*, 39 AD3d 664, 665 [2007]). In any event, any error was harmless (*see People v Crimmins*, 36 NY2d 230, 241-242 [1975]; *People v Lacewell*, 44 AD3d 876, 877 [2007], *lv denied* 9 NY3d 1035 [2008]). The defendant's challenge to the probative value of the *Molineux* evidence is without merit. Upon determining that the evidence of the prior crime was legally relevant and material to the issues before it, the trial court providently exercised its discretion in determining that the probative value of the evidence of the prior crime outweighed any prejudicial effect (*see People v Alvino*, 71 NY2d 233, 242 [1987]; *People v Norman*, 40 AD3d 1128, 1129 [2007]). Additionally, the trial court properly admitted testimony from a former police officer who had detained and arrested the defendant in 1988 for the prior crime based on a description he had received of the alleged perpetrator. Such testimony was admissible "for the relevant nonhearsay purpose of establishing the reasons behind the officer's actions, and explaining the events which precipitated the defendant's arrest" (*People v Smalls*, 293 AD2d 500, 501 [2002]; *see People v Spencer*, 212 AD2d 645 [1995]).

The defendant failed to preserve for appellate review his challenges to comments the prosecutor made in her opening and closing statements regarding the prior crime (*see* CPL 470.05 [2]; *People v Forino*, 39 AD3d at 665; *People v Stewart*, 255 AD2d 343, 344 [1998]). In any event, any error was harmless (*see People v Mahboubian*, 74 NY2d 174, 191 [1989]; *People v Crimmins*, 36 NY2d at 241-242; *People v Lacewell*, 44 AD3d at 877). Mastro, J.P., Ritter, Carni and McCarthy, JJ., concur.