◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SEAN WELLCOME, Appellant. [897 NYS2d 137]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Braslow, J.), rendered February 14, 2003, convicting him of burglary in the first degree (two counts), assault in the second degree, and resisting arrest (three counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's challenge to the legal sufficiency of the evidence supporting his convictions of burglary in the first degree is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484 [2008]; *People v Lane*, 7 NY3d 888 [2006]; *People v Payne*, 3 NY3d 266 [2004]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of those crimes beyond a reasonable doubt. In fulfilling our responsibility to conduct an independent review of the weight of the evidence as to those counts (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe their demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt on both counts of burglary in the first degree was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The evidence with respect to the defendant's prior bad acts was properly admitted at trial as relevant to, inter alia, the defendant's motive or intent in entering or remaining unlawfully at the subject residence, given that the defendant placed his intent in issue by introducing an intoxication defense (*see People*

*v Alvino*, 71 NY2d 233, 243 [1987]; *People v Ingram*, 71 NY2d 474, 479-481 [1988]; *People v Green*, 56 AD3d 490 [2008]; *People v Lawrence*, 297 AD2d 290, 291 [2002]; *People v Newby*, 291 AD2d 460 [2002]; *People v Wright*, 288 AD2d 409 [2001]).

The defendant's contentions that the trial court erred in failing to give proper limiting instructions concerning the jury's use of the testimony regarding these prior bad acts, and that references to his classification as a sex offender were improperly admitted into evidence, are unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Mestres*, 41 AD3d 618, 618-619 [2007]; *People v Webb*, 1 AD3d 542, 543 [2003]). In any event, the court gave an appropriate limiting jury instruction (*see People v Green*, 56 AD3d at 490-491; *People v Martinez*, 243 AD2d 732 [1997]; *People v Simmons*, 218 AD2d 677, 678 [1995]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contentions are without merit. Skelos, J.P., Covello, Balkin and Austin, JJ., concur.