■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIK ALKE, Appellant. [935 NYS2d 96]—

Contrary to the People's argument, the defendant's contention that his oral statements to law enforcement officials should have been suppressed since he was in custody and had not been advised of his *Miranda* rights (*see Miranda v Arizona*, 384 US 436 [1966]) is preserved for appellate review (*see* CPL 470.05 [2]). However, the defendant's contention is without merit. The evidence adduced at the suppression hearing established that the defendant, who had voluntarily accompanied the police to the police precinct, was not in custody at the time he made his statements to the police (*see People v Yukl*, 25 NY2d 585, 589 [1969], *cert denied* 400 US 851 [1970]; *People v Martin*, 68 AD3d 1015, 1016 [2009]; *People v Pegues*, 59 AD3d 570, 571 [2009]; *People v Ellerbe*, 265 AD2d 569, 570 [1999]). Additionally, the evidence at the suppression hearing did not establish that the defendant was intoxicated to the degree of mania, or that he was unable to understand the meaning of his statements as a consequence of intoxication (*see People v Thornton*, 87 AD3d 663, 663 [2011]; *People v Benjamin*, 17 AD3d 688, 689 [2005]; *People v Roth*, 139 AD2d 605, 606 [1988]). Accordingly, the

Supreme Court correctly denied that branch of the defendant's omnibus motion which was to suppress his oral statements to law enforcement officials.

Contrary to the People's argument, the defendant's contention that the evidence was legally insufficient to support his conviction of manslaughter in the second degree is also preserved for appellate review. His argument in support of his trial motion of dismissal was sufficiently specific to alert the court to his position (*see* CPL 470.05 [2]; *People v Demolaire*, 55 AD3d 621, 621 [2008]; *People v Rose*, 41 AD3d 742, 742 [2007]). However, the defendant's contention is without merit. Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (*see* Penal Law § 15.05 [3]; § 125.15 [1]; *People v Licitra*, 47 NY2d 554, 559 [1979]; *People v Speringo*, 258 AD2d 379, 380 [1999]; *People v Johnson*, 205 AD2d 707, 708 [1994]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The Supreme Court's *Molineux* rulings (*see People v Molineux*, 168 NY 264 [1901]), constituted a provident exercise of discretion, since the evidence at issue was admitted to show the defendant's intent to commit the crime charged, and the probative value exceeded the potential for prejudice to the defendant (*see People v Ingram*, 71 NY2d 474, 479-480 [1988]; *People v Alvino*, 71 NY2d 233, 242 [1987]). In addition, the Supreme Court's limiting instruction to the jury served to alleviate any potential prejudice resulting from the admission of the evidence (*see People v Holden*, 82 AD3d 1007, 1008 [2011]; *People v Ramirez*, 23 AD3d 500, 501 [2005]).

The defendant's remaining contentions are without merit. Rivera, J.P., Leventhal, Roman and Sgroi, JJ., concur.