Appeal by the defendant from a judgment of the County Court, Rockland County (Nelson, J.), rendered January 5, 2011, convicting him of making a terroristic threat, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant’s omnibus motion which was to suppress identification testimony.
Ordered that the judgment is affirmed.
The defendant’s contention that the County Court erred in denying his motion to set aside the verdict as against the weight of the evidence is without merit. A trial court may set aside a verdict on the ground that the evidence is not legally sufficient to establish the offense charged (see CPL 290.10 [1]), but not on the ground that the verdict was against the weight of the evidence (see People v Carter, 63 NY2d 530, 536 [1984]; compare People v Vasquez, 160 AD2d 751, 752 [1990], with People v Vasquez, 142 AD2d 698, 699-700 [1988]). A defendant is, however, entitled to factual review of the evidence supporting a guilty verdict on an appeal to the Appellate Division (see People v Danielson, 9 NY3d 342, 348 [2007]). Upon fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]), we nevertheless accord great deference to the factfinder’s opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410 [2004], cert denied 542 US 946 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). We are satisfied here that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
It has long been the rule in this State that evidence of a defendant’s prior criminal acts generally is not admissible “if it cannot logically be connected to some specific material issue in the case, and tends only to demonstrate the defendant’s propensity to commit the crime charged” (People v Cass, 18 NY3d 553, 559 [2012]; see People v Molineux, 168 NY 264 [1901]). Over the years, our courts have delineated various “specific material issue[s]” (People v Cass, 18 NY3d at 559), on which evidence of a defendant’s prior criminal acts may be admitted (see People v Agina, 18 NY3d 600, 603 [2012]; People v Alvino, 71 NY2d 233, 241-242 [1987]; People v Molineux, 168 *781 NY at 293; People v Wilkinson, 71 AD3d 249, 253-254 [2010]). In determining whether that evidence will be admitted, a court must engage in a two-step process. The first is to determine whether the proffered evidence is probative of a relevant and material issue (see People v Alvino, 71 NY2d at 242; People v Wilkinson, 71 AD3d at 254). If it is, the court must then weigh the need for the evidence against the potential for delay, surprise and prejudice (see People v Alvino, 71 NY2d at 242; People v Wilkinson, 71 AD3d at 254).
Here, the defendant was charged with making a terroristic threat (see Penal Law § 490.20; L 2001, ch 300, § 4) after threatening to kill the judge who had presided over two of his prior cases. Penal Law § 490.20 (1) provides that “[a] person is guilty of making a terroristic threat when with intent to intimidate or coerce a civilian population, influence the policy of a unit of government by intimidation or coercion, or affect the conduct of a unit of government by murder, assassination or kidnapping, he or she threatens to commit or cause to be committed a specified offense and thereby causes a reasonable expectation or fear of the imminent commission of such offense.” As the defendant acknowledges, evidence that he had been convicted of assault in the third degree and criminal possession of a weapon in the third degree in one previous case, and criminal possession of a weapon in the third degree in another previous case, was relevant to establishing that the judge reasonably feared that the defendant would imminently carry out his threat. The defendant contends, however, that the court should have limited the evidence to the fact that he had been convicted of criminal possession of a weapon in the third degree and assault in the third degree and should not have permitted the People to elicit the facts underlying those prior convictions. We disagree. To have limited the evidence as the defendant proposed would have demonstrated that the defendant had a motive to commit the threatened crimes against the judge, but it would not have demonstrated why the judge reasonably feared that the defendant would imminently carry out his threat. The evidence as to the underlying facts of the defendant’s prior crimes was probative on that relevant, material issue, and it was, therefore, admissible, subject to the court’s discretionary balancing of the need for it against its potential for delay, surprise, or prejudice. Under the circumstances of this case, the court did not improvidently exercise its discretion in admitting the evidence, because its probative value outweighed the potential for prejudice, surprise, or delay (see People v Alvino, 71 NY2d at 247). We note that the court limited the potential for prejudice by instructing the jury as to the narrow purpose *782 for which that evidence could be considered (see People v Leach, 90 AD3d 1073, 1074 [2011], lv granted 19 NY3d 975 [2012]; People v Alke, 90 AD3d 943, 944 [2011], lv denied 19 NY3d 994 [2012]).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80 [1982]).
The defendant’s contentions pertaining to the Wade hearing (see United States v Wade, 388 US 218 [1967]), and to certain of the prosecutor’s comments on opening statement and in summation, are unpreserved for appellate review (see CPL 470.05 [2]) and, in any event, without merit.
The defendant’s remaining contentions are without merit. Angiolillo, J.P, Balkin, Lott and Roman, JJ., concur.