■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AADAM YUSUF, Appellant. [961 NYS2d 316]—

Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Ayres, J.), rendered March 2, 2012, convicting him of robbery in the first degree, robbery in the second degree, burglary in the first degree, and conspiracy in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgement is affirmed.

This criminal proceeding arises from a home invasion robbery in Woodbury on November 19, 2010. The defendant, along with

five other men, drove to the home in two separate vehicles. Once there, four of the men, Randolph Chase, Jose Fuertes, Glen Campbell, and Michael Mohammed, approached the home under the pretense of delivering flowers to one of the occupants. When the door to the home opened, the four men, two of whom were armed with guns, pushed their way inside, tied up the occupants of the home with duct tape, and proceeded to gather valuables. The police arrived a short time later, and the four men fled the home into the backyard and beyond before they were ultimately apprehended.

While the robbery was taking place, the defendant and another man, Goutam Persaud, remained in the defendant's vehicle a short distance from the home. Neither was apprehended immediately, but both men were ultimately lured by one of the other participants in the robbery to a darkened parking lot where they were arrested.

The defendant made two written statements to the police, after being advised of and waiving his *Miranda* rights (*see Miranda v Arizona*, 384 US 436 [1966]), wherein he acknowledged that he had driven Persaud and two other people, whom he represented he did not know, in his vehicle to the home in Woodbury and had waited for them to return.

The Supreme Court granted the People's application pursuant to *People v Molineux* (168 NY 264 [1901]) to admit evidence of a statement made by the defendant to a New York City Police Department (hereinafter NYPD) detective wherein the defendant admitted that, 11 days prior to the Woodbury home invasion robbery, he and Persaud had picked up and dropped off Glen Campbell and one other person at a home in Queens, driven down the block, and waited for the men, while Campbell and the other man burglarized the home. The defendant admitted to receiving $1,000 as his "cut" of the proceeds of the Queens burglary. The Queens burglary occurred at the home of another member of the family that lived in the home in Woodbury. The defendant, Persaud, and Campbell had participated in both the Queens burglary and the Woodbury home invasion robbery. The Supreme Court held that the defendant's statement to the NYPD detective was admissible to prove the defendant's criminal intent and knowledge with respect to the Woodbury robbery.

Evidence of prior uncharged crimes is inadmissible to show that a defendant has a criminal propensity (*see People v Molineux*, 168 NY at 291; *see also People v Alvino*, 71 NY2d 233, 241 [1987]). It may, however, be received if it is probative of the defendant's commission of the instant crime, such as where it

tends to show intent, motive, knowledge, common scheme or plan, or identity of the defendant (*see People v Alvino*, 71 NY2d at 241; *People v Molineux*, 168 NY at 293). Even then, such evidence is admissible only if its probative value outweighs the risk of undue prejudice to the defendant (*see People v Alvino*, 71 NY2d at 242).

Here, contrary to the defendant's contention, the Supreme Court properly permitted the People to elicit testimony regarding the statement the defendant made to the NYPD detective, wherein the defendant implicated himself in the Queens burglary, as evidence tending to show the defendant's intent and knowledge with regard to the Woodbury robbery (*see People v Ingram*, 71 NY2d 474, 479-480 [1988]; *People v Arguinzoni*, 48 AD3d 1239 [2008]; *People v Maxwell*, 299 AD2d 370 [2002]). The court providently exercised its discretion in determining that the probative value of the evidence in question outweighed the risk of prejudice to the defendant, and the limiting instruction given to the jury served to alleviate any prejudice resulting from the admission of the evidence (*see People v Holden*, 82 AD3d 1007 [2011]). Skelos, J.P., Leventhal, Hall and Lott, JJ., concur.