■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EARL WRIGHT, Appellant. [972 NYS2d 660]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Aloise, J.), rendered June 21, 2010, convicting him of rape in the first degree, robbery in the first degree, burglary in the first degree, and sexual abuse in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to support his convictions of robbery in the first degree and burglary in the first degree is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish

the defendant's guilt of those crimes beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's contention that he was deprived of a fair trial by certain remarks made by the prosecutor during the opening statement and on summation is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Wright*, 90 AD3d 679 [2011]). In any event, the challenged remarks were fair comment on the evidence, were permissible rhetorical comment, constituted a fair response to defense counsel's summation, or otherwise do not warrant reversal (*see People v Galloway*, 54 NY2d 396, 401 [1981]; *People v Morency*, 104 AD3d 877, 878 [2013]; *People v Hernandez*, 92 AD3d 802, 803 [2012]; *People v Valerio*, 70 AD3d 869, 869-870 [2010]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contentions, including those raised in his pro se supplemental brief, are either unpreserved for appellate review and, in any event, without merit, or based on matter dehors the record. Mastro, J.P., Dickerson, Chambers and Roman, JJ., concur.