THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL REMBERT, Appellant. [1 NYS3d 367]—

Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Zambelli, J.), rendered December 18, 2012, convicting him of burglary in the second degree, petit larceny, and criminal mischief in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to support his conviction of petit larceny is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Kolupa*, 13 NY3d 786, 787 [2009]; *People v Lane*, 7 NY3d 888, 889 [2006]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of petit larceny beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the fact-finders' opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 494 [1987]). Upon reviewing the record here, we are satisfied that the verdict as to that crime was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The Supreme Court's *Molineux* ruling (*see People v Molineux*, 168 NY 264 [1901]) constituted a provident exercise of discretion. The evidence was admissible to show the defendant's intent to commit the crime of burglary in the second degree, and the probative value exceeded the potential for prejudice to the defendant (*see People v Ingram*, 71 NY2d 474, 479 [1988]; *People v Alke*, 90 AD3d 943, 944 [2011]; *People v Moore*, 50 AD3d 926, 927 [2008]). In addition, the Supreme Court's limiting instructions to the jury served to alleviate any potential prejudice resulting from the admission of the evidence (*see People v Yusuf*, 104 AD3d 881, 883 [2013]; *People v Alke*, 90 AD3d at 944).

Contrary to the defendant's contentions in his main brief and his pro se supplemental brief, the Supreme Court providently

exercised its discretion in denying his motion for a mistrial, which was based on certain conduct by the prosecutor (*see People v Ortiz*, 54 NY2d 288, 292 [1981]; *People v Johnson*, 261 AD2d 125, 126 [1999]; *see also People v Wright*, 110 AD3d 836, 837 [2013]).

The defendant's remaining contentions, including those raised in his pro se supplemental brief, are unpreserved for appellate review and, in any event, are without merit. Mastro, J.P., Roman, Sgroi and Barros, JJ., concur.