■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELIAS RODRIGUEZ, Appellant. [48 NYS3d 613]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kohm, J.), rendered June 13, 2014, convicting him of criminal contempt in the first degree and harassment in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The Supreme Court providently exercised its discretion in permitting the People to elicit evidence of the defendant's prior misconduct involving the complainant and the complainant's son. The evidence was admissible to establish the defendant's intent and motive, and because it was relevant as background information to complete the narrative of the incident, and to help establish an element of the crimes charged in the indictment (*see People v Morris*, 21 NY3d 588, 597 [2013]; *People v Till*, 87 NY2d 835, 837 [1995]; *People v Ingram*, 71 NY2d 474, 481 [1988]; *People v Alvino*, 71 NY2d 233, 243 [1987]; *People v Charles*, 121 AD3d 802, 802-803 [2014]; *People v Wisdom*, 120 AD3d 724, 725-726 [2014]; *People v Lleshi*, 100 AD3d 780, 781 [2012]; *People v Wellcome*, 70 AD3d 983, 983-984 [2010]; *People v Rock*, 65 AD3d 558, 558-559 [2009]; *see generally People v Ventimiglia*, 52 NY2d 350 [1981]; *People v Molineux*, 168 NY 264 [1901]). Furthermore, the probative value of the evidence outweighed its prejudicial effect, which the court minimized by giving the jury limiting instructions (*see People v Morris*, 21 NY3d at 598; *People v Tosca*, 98 NY2d 660, 661 [2002]; *People v Sheehan*, 105 AD3d 873, 875 [2013]; *People v Yusuf*, 104 AD3d 881, 883 [2013]; *People v James*, 19 AD3d 616, 616 [2005]). Mastro, J.P., Balkin, Cohen and Brathwaite Nelson, JJ., concur.