Appeal by the defendant from a judgment of the Supreme Court, Kings County (Ingram, J.), rendered March 5, 2015, convicting him of burglary in the second degree (two counts), upon a jury verdict, and sentencing him as a persistent violent offender to two consecutive indeterminate terms of imprisonment of 18 years to life.
 

 Ordered the judgment is modified, as a matter of discretion in the interest of justice, by providing that the sentences imposed shall run concurrently with each other; as so modified, the judgment is affirmed.
 

 The Supreme Court’s Molineux ruling (see People v Molineux, 168 NY 264 [1901]) constituted a provident exercise of discretion. The evidence was admissible to show the defendant’s lack of mistake and his intent to commit the crime of burglary in the second degree (two counts), and the probative value exceeded the potential for prejudice to the defendant (see People v Ingram, 71 NY2d 474, 479 [1988]; People v Rembert, 124 AD3d 805, 805 [2015]; People v Alke, 90 AD3d 943, 944 [2011]; People v Moore, 50 AD3d 926, 927 [2008]). In addition, the court’s limiting instructions to the jury served to alleviate any potential prejudice resulting from the admission of the evidence (see People v Rembert, 124 AD3d at 805; People v Yusuf, 104 AD3d 881, 883 [2013]; People v Alke, 90 AD3d at 944).
 

 However, the sentence imposed was excessive to the extent indicated herein (see People v Suitte, 90 AD2d 80 [1982]).
 

 Leventhal, J.P., Austin, Maltese and Iannacci, JJ., concur.