People v Arjun (2020 NY Slip Op 07081)





People v Arjun


2020 NY Slip Op 07081


Decided on November 25, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 25, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JOSEPH J. MALTESE
HECTOR D. LASALLE
LINDA CHRISTOPHER, JJ.


2019-06975
 (Ind. No. 2026/16)

[*1]The People of the State of New York, respondent,
v
Shamdai Arjun, appellant.


Jonathan I. Edelstein, New York, NY, for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Joseph N. Ferdenzi, and Merri Turk Lasky of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kenneth C. Holder, J.), rendered June 3, 2019, convicting her of murder in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was arrested after the body of her nine-year-old stepdaughter was discovered in a bathroom in the apartment that the defendant and the victim shared with the victim's father and others. The victim had bruising around her neck, which was found to be consistent with manual strangulation. Several strands of hair were found in the victim's hand and on her body, which were found by the medical examiner to have been forcibly removed, that had a high probability of originating from the defendant. Upon arriving at the crime scene and learning of his daughter's death, the victim's father fainted, and after regaining consciousness, he made several statements implicating the defendant, including "she did it," "my wife killed my daughter," and that the defendant had threatened to kill the victim in the past. These statements were admitted at the trial, along with a statement from an unnamed woman who was present at the crime scene that "she killed her." At the conclusion of the trial, the Supreme Court submitted to the jury one count of murder in the second degree. The jury found the defendant guilty of the sole charge. The defendant appeals.
We disagree with the defendant's contention that the Supreme Court improperly admitted, under the excited utterance exception, the victim's father's statement that the defendant had previously threatened to kill his daughter. Generally, "the fact that an utterance is in response to an inquiry is 'merely one factor bearing on spontaneity' within the meaning of the excited utterance rule" (People v Brown, 70 NY2d 513, 518, quoting People v Edwards, 47 NY2d 493, 498 n 2). Thus, "the nature, extent and purpose of the questions and the identity, position and manner of the questioner are but additional factors to be considered in determining whether the statements were made under the continuing influence of the stress and excitement generated by the initial event" (People v Brown, 70 NY2d at 522). Here, the detective's questions which led to the challenged statement by the father did not affect the father's condition or his continued state of stress and [*2]excitement from the event (see People v Brooks, 71 NY2d at 877, 879; People v Brown, 70 NY2d at 520), since the nature of the questioning was limited and merely sought clarification of the father's statements, and there is no indication that the detective's questions were leading or suggestive (see People v McFarlane, 181 AD2d 798, 799-800; cf. People v Fenner, 283 AD2d 516, 517).
The defendant's contentions that the Supreme Court improperly admitted the father's statements that "she did it," and "my wife killed my daughter," and that the court improperly admitted the unnamed woman's statement that "she killed her" are unpreserved for appellate review (see People v Gray, 86 NY2d 10, 19), and we decline to reach them in the interest of justice.
The defendant's contention that the Supreme Court improperly precluded the admission of her interrogation video is without merit. While "the general rule is that all relevant evidence is admissible unless its admission violates some exclusionary rule," evidence "may still be excluded by the trial court in the exercise of its discretion if its probative value is substantially outweighed by the danger that it will unfairly prejudice the other side or mislead the jury" (People v Scarole, 71 NY2d 769, 777; see People v Mateo, 2 NY3d 383, 424-425; People v Alvino, 71 NY2d 233, 242). "Evidence 'of merely slight, remote or conjectural significance' will ordinarily be insufficiently probative to outweigh these countervailing risks" (People v Primo, 96 NY2d 351, 355, quoting People v Feldman, 299 NY 153, 169-170). Here, we agree with the court's determination, in effect, that the probative value of the interrogation video was outweighed by the potential prejudice to the People. The defendant sought to admit and have the jury view the entire 12-hour video for the purpose, among other things, of introducing evidence of the defendant's brief reaction when she was told of the victim's death. Moreover, the defendant had several alternatives at her disposal that would have allowed her a meaningful opportunity to introduce evidence of her reaction and demeanor at trial.
We agree with the Supreme Court's determination to deny the defendant's application to instruct the jury on the lesser included offense of manslaughter in the first degree. When viewing the evidence in the light most favorable to the defendant (see People v Martin, 59 NY2d 704, 705), there is no reasonable view of the evidence that would support a finding that the defendant intended to seriously injure, but not kill, the victim (see CPL 300.50[1]; People v Almonte, 33 NY3d 1083, 1084; cf. People v Hull, 27 NY3d 1056, 1058).
The defendant's remaining contention is unpreserved for appellate review (see People v Gray, 86 NY2d at 19), and we decline to reach it in the interest of justice.
SCHEINKMAN, P.J., MALTESE, LASALLE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court