People v Martinez (2021 NY Slip Op 50900(U))

[*1]

People v Martinez (Stephen)

2021 NY Slip Op 50900(U) [73 Misc 3d 128(A)]

Decided on September 28, 2021

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on September 28, 2021
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Edmead, P.J., Brigantti, Hagler, JJ.

570299/16

The People of the State of New York,
Respondent,
against
Stephen Martinez, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New
York County (Gilbert C. Hong, J.), rendered June 15, 2015, after a jury trial, convicting him of
forcible touching, and imposing sentence.

Per Curiam.
Judgment of conviction (Gilbert C. Hong, J.), rendered June 15, 2015, affirmed.
The court providently exercised its discretion in admitting evidence of one of defendant's
prior incidents of sexual misconduct on the subway (see People v McKenzie, 169 AD3d
557, 558 [2019], lv denied 33 NY3d 1033 [2019]). The evidence was relevant to
establish defendant's intent and the lack of mistake, where the charged sexual conduct occurred
on a crowded subway train (see People v Goode, 176 AD3d 629 [2019], lv denied
34 NY3d 1159 [2020]). Even if defendant's intent could be inferred from his behavior, the
People, who had the burden of proving that element, "were not bound to stop after presenting
minimum evidence" (People v Alvino, 71 NY2d 233, 245 [1987]). 
We also reject defendant's contention that the court failed to address his argument that the
probative value of the evidence of his prior misconduct was outweighed by its potential for
prejudice. The required balancing of probative value against prejudice was implicit in the court's
determination (see People v Holmes, 104 AD3d 1288, 1290 [2013], lv denied 22
NY3d 1041 [2013]; People v Meseck, 52 AD3d 948, 950 [2088], lv denied 11
NY3d 739 [2008]), which permitted evidence as to only one of defendant's prior bad acts, not the
three proffered by the People, and the limiting instruction to the jury "served to alleviate any
potential prejudice resulting from the admission of the evidence" (People v Alke, 90
AD3d 943, 944 [2011], lv denied 19 NY3d 994 [2012]).
In any event, any error in the receipt of this evidence was harmless given the overwhelming
evidence of defendant's guilt (see People v Crimmins, 36 NY2d 230, 241-242
[1975]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: September 28, 2021