People v Wilson (2021 NY Slip Op 07305)





People v Wilson


2021 NY Slip Op 07305


Decided on December 22, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 22, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
BETSY BARROS
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2017-12749
 (Ind. No. 2519/15)

[*1]The People of the State of New York, respondent,
v
Ricardo Wilson, appellant.


Patricia Pazner, New York, NY (Anna Jouravleva of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Sharon Y. Brodt, Aurora Alvarez-Calderon, and Candi Green of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Stephanie Zaro, J.), rendered October 23, 2017, convicting him of leaving the scene of an incident without reporting and aggravated unlicensed operation of a motor vehicle in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is reversed, on the law, and a new trial is ordered.
The defendant's contention that the evidence was legally insufficient to establish his guilt of leaving the scene of an incident without reporting is unpreserved for appellate review (see CPL 470.05[2]; People v Gray, 86 NY2d 10, 19). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish, beyond a reasonable doubt, the defendant's guilt of leaving the scene of an incident without reporting. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410). Upon reviewing the record here, we are satisfied that the verdict of guilt on that count was not against the weight of the evidence.
"At a minimum, a juror must be able to understand all of the evidence presented, evaluate that evidence in a rational manner, communicate effectively with the other jurors during deliberations, and comprehend the applicable legal principles, as instructed by the court" (People v Guzman, 76 NY2d 1, 5). A juror may be challenged for cause on the ground that "[h]e [or she] has a state of mind that is likely to preclude him [or her] from rendering an impartial verdict based upon the evidence adduced at the trial" (CPL 270.20[1][b]). "An erroneous ruling by the court denying a challenge for cause by the defendant does not constitute reversible error unless the defendant has exhausted his [or her] peremptory challenges at the time or, if he [or she] has not, he [or she] peremptorily challenges such prospective juror and his [or her] peremptory challenges are exhausted before the selection of the jury is complete" (id. § 270.20[2]).
Here, the Supreme Court erred in denying the defendant's challenges for cause to [*2]three prospective jurors. One of the three prospective jurors demonstrated that he would give more credence to a police officer testifying than to a civilian witness, and the court failed to elicit an unequivocal assurance that the prospective juror could render an impartial verdict based on the evidence (see id. § 270.20[1][b]; People v Maffei, 35 NY3d 264, 270; People v Harris, 19 NY3d 679, 685; People v Johnson, 94 NY2d 600, 615). The other two prospective jurors provided answers that demonstrated an inability to comprehend the People's burden of proof even after the court provided a straightforward explanation of this principle during voir dire (see People v Guzman, 76 NY2d at 5; People v White, 260 AD2d 413, 414). Because the defendant exhausted all of his peremptory challenges prior to the completion of jury selection, the court's error in denying these challenges for cause requires reversal of the judgment of conviction and remittal for a new trial.
In light of the foregoing, we need not reach the defendant's remaining contention.
CHAMBERS, J.P., BARROS, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court