People v Cortes (2022 NY Slip Op 02561)

People v Cortes

2022 NY Slip Op 02561

Decided on April 20, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 20, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
REINALDO E. RIVERA
CHERYL E. CHAMBERS
PAUL WOOTEN, JJ.

2018-01197
 (Ind. No. 2014/16)

[*1]The People of the State of New York, respondent,
v
Melchor Cortes, appellant.

Patricia Pazner, New York, NY (Alice R. B. Cullina of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Ellen C. Abbot, and Benjamin E. Mannion of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Deborah Stevens Modica, J.), rendered December 15, 2017, convicting him of criminal contempt in the first degree and aggravated harassment in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is reversed, on the law, and the matter is remitted to the Supreme Court, Queens County, for a new trial.
After a jury trial, the defendant was convicted of criminal contempt in the first degree and aggravated harassment in the second degree. A new trial is required because the Supreme Court erred in denying the defendant's for-cause challenge to a prospective juror.
A prospective juror may be challenged for cause on several grounds, including that he or she has a "relationship" with counsel for the People "of such a nature that it is likely to preclude him [or her] from rendering an impartial verdict" (CPL 270.20[1][c]; see People v Furey, 18 NY3d 284, 287). Such "implied bias" requires "automatic exclusion from jury service regardless of whether the prospective juror declares that the relationship will not affect [his or] her ability to be fair and impartial" (People v Furey, 18 NY3d at 287 [internal quotation marks omitted]; see People v Branch, 46 NY2d 645, 651).
Here, during jury selection, the subject prospective juror informed the Supreme Court that she was presently working as an assistant district attorney, within the Queens County District Attorney's Office, the same agency that was prosecuting the defendant, and that she was familiar with the prosecutor, the defense attorney, and the Justice. As the People correctly concede, the juror's contemporaneous working relationship with the agency prosecuting the defendant required that juror's dismissal for cause (see People v Furey, 18 NY3d at 288; People v Branch, 46 NY2d at 650-651; People v Greenfield, 112 AD3d 1226, 1229-1230). Because the defendant challenged this juror for cause and thereafter exhausted all of his peremptory challenges prior to the completion of jury selection, the court's error in denying the for-cause challenge requires reversal of the judgment of conviction and remittitur for a new trial (see CPL 270.20[2]; People v Wilson, 200 AD3d 1005; People v Rojas, 184 AD3d 761, 762).
The defendant's remaining contentions either are without merit or need not be reached in light of our determination.
IANNACCI, J.P., RIVERA, CHAMBERS and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court