People v Bonich (2022 NY Slip Op 04974)

People v Bonich

2022 NY Slip Op 04974

Decided on August 17, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 17, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.

2018-09264
 (Ind. No. 1065/15)

[*1]The People of the State of New York, respondent,
v
Alexander R. Bonich, appellant.

Patricia Pazner, New York, NY (Yvonne Shivers of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Ellen C. Abbot, and Charles T. Pollak of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kenneth C. Holder, J.), rendered June 18, 2018, convicting him of murder in the second degree, criminal possession of a weapon in the second degree (two counts), and tampering with physical evidence (three counts), upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
Following a jury trial, the defendant was convicted of murder in the second degree, criminal possession of a weapon in the second degree (two counts), and tampering with physical evidence (three counts) in connection with the shooting death of the victim in January 2015.
Contrary to the People's contention, the defendant's pretrial objection to the People's Molineux motion (see People v Molineux, 168 NY 264) was sufficient to preserve for appellate review his contention that the Supreme Court improperly admitted evidence related to an unrelated prior attempted fraud (see People v De Bour, 40 NY2d 210, 215; People v Sheehan, 105 AD3d 873; People v Ayala, 142 AD2d 147, 166-167, affd 75 NY2d 422). However, the defendant's contention that the admission of the challenged evidence deprived him of a fair trial is without merit. Evidence of prior crimes or bad acts is inadmissible when it is proffered solely to establish an accused's propensity to commit a crime (see People v Agina, 18 NY3d 600, 603; People v Arafet, 13 NY3d 460, 464-465). Nonetheless, such evidence may be received to establish an element of the charged crime, or because it is relevant to some other material issue in the case (see People v Dorm, 12 NY3d 16, 19; People v Lewis, 69 NY2d 321, 325; People v Molineux, 168 NY at 291-294). If the proffered evidence is probative of a relevant issue, the court must then engage in a discretionary balancing of its probative value and the need for the evidence against the potential for prejudice to the defendant (see People v Morris, 21 NY3d 588, 595; People v Dorm, 12 NY3d at 19; People v Alvino, 71 NY2d 233, 242). Here, the challenged evidence was relevant to the defendant's motive (see People v Dorm, 12 NY3d at 19; People v Franzese, 154 AD3d 706, 707; People v Perez-Olivo, 127 AD3d 1110, 1111; People v Thornton, 105 AD3d 779, 780). Moreover, the probative value of this evidence outweighed its potential for prejudice (see People v Dorm, 12 NY3d at 19). Further, the court's limiting instructions to the jury served to alleviate any potential prejudice resulting from the admission of the evidence (see People v Telfair, 198 AD3d 678, 683; People v Williams, 156 AD3d 827). Accordingly, the court providently exercised its discretion in admitting the subject evidence.
Contrary to the People's contention, the defendant's claim that certain documents recovered from the victim's belongings were admitted into evidence without being properly [*2]authenticated is preserved for appellate review (see CPL 470.05[2]). However, contrary to the defendant's contention, the testimony presented by the People at trial was sufficient to authenticate the documents and warrant their admission into evidence (see People v McGee, 49 NY2d 48, 59-60; People v Julian, 41 NY2d 340, 342-343; People v Robinson, 187 AD3d 1216, 1217; People v Muirhead, 110 AD3d 833, 834).
Contrary to the defendant's contention, the Supreme Court properly denied his request to submit manslaughter in the first degree to the jury as a lesser included offense of murder in the second degree. "A party who seeks to have a lesser included crime charged to the jury must satisfy a two-pronged inquiry" (People v Rivera, 23 NY3d 112, 120; see People v Glover, 57 NY2d 61, 63). "First, the crime must be a lesser included offense" (People v Rivera, 23 NY3d at 120), meaning that "it is impossible to commit the greater crime without concomitantly committing the lesser offense by the same conduct" (People v Van Norstrand, 85 NY2d 131, 135; see CPL 1.20[37]). "Second, the party making the request for a charge-down 'must then show that there is a reasonable view of the evidence in the particular case that would support a finding that [the defendant] committed the lesser included offense but not the greater'" (People v Rivera, 23 NY3d at 120, quoting People v Glover, 57 NY2d at 63; see CPL 300.50[1]; People v Ranot, 194 AD3d 967, 968). Here, the defendant established the first prong. However, viewing the record in the light most favorable to the defendant (see People v Martin, 59 NY2d 704, 705), there was no reasonable view of the evidence to support a finding that the defendant committed the lesser offense but not the greater offense (see People v Rivera, 23 NY3d at 124; People v Arjun, 188 AD3d 1235, 1237; cf. People v Hull, 27 NY3d 1056, 1058).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
BARROS, J.P., CHAMBERS, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court