People v Key (2024 NY Slip Op 00197)

People v Key

2024 NY Slip Op 00197

Decided on January 17, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 17, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
BARRY E. WARHIT
CARL J. LANDICINO, JJ.

2018-09854
 (Ind. No. 5479/17)

[*1]The People of the State of New York, respondent,
v
Tyaisha Key, appellant.

Patricia Pazner, New York, NY (Alexis A. Ascher of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Morgan J. Dennehy, and Sawyer White of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Danny K. Chun, J.), rendered June 26, 2018, convicting her of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was convicted, after a jury trial, of murder in the second degree (Penal Law § 125.25[1]) and criminal possession of a weapon in the second degree (id. § 265.03[3]) in connection with a shooting that occurred in Brooklyn on June 21, 2017.
The defendant's contention that the evidence was legally insufficient to prove her identity as the perpetrator is unpreserved for appellate review (see People v Hawkins, 11 NY3d 484, 492). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's identity as the perpetrator beyond a reasonable doubt (see People v Abellard, 212 AD3d 842; People v Keating, 183 AD3d 595, 596-597). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
A prospective juror may be challenged for cause on several grounds, including that he or she has a "relationship" with counsel for the People "of such nature that it is likely to preclude him [or her] from rendering an impartial verdict" (CPL 270.20[1][c]; see People v Furey, 18 NY3d 284, 287; People v Cortes, 204 AD3d 939). "Such 'implied bias' requires 'automatic exclusion from jury service regardless of whether the prospective juror declares that the relationship will not affect [his or] her ability to be fair and impartial'" (People v Cortes, 204 AD3d at 939, quoting People v Furey, 18 NY3d at 287; see People v Branch, 46 NY2d 645, 651).
Here, the Supreme Court properly denied the defendant's for-cause challenge to a prospective juror based on a claim of implied bias. Contrary to the defendant's contention, the [*2]juror's impartiality was not compromised merely because she was a complainant in a pending case being prosecuted by a different prosecutor in the Kings County District Attorney's Office (see People v Whittington, 267 AD2d 486; People v Johnson, 261 AD2d 125, 125-126). Moreover, the juror confirmed unequivocally that her experience as a complainant in the unrelated case would not affect her ability to be fair and impartial in this case (see People v Johnson, 261 AD2d at 126).
The sentence imposed on the conviction of murder in the second degree was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contention is without merit.
DILLON, J.P., CHRISTOPHER, WARHIT and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court